IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL PRUCEY,**

       Petitioner,

vs.                                                **Civ. No. 02-0850 LH/LCS**

**RON LYTLE,**

       Respondent**.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATION**

       **THIS MATTER** is before the Court upon Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 filed June 16, 2002 *(Doc. 1)* and upon Respondent's Motion to Dismiss filed August 29, 2002 *(Doc. 12)*. Petitioner is proceeding *pro se* and *in forma pauperis*. The Court finds that Respondent's Motion to Dismiss is well-taken, and recommends that Respondent's Motion to Dismiss be GRANTED and that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 filed June 16, 2002 be DISMISSED WITH PREJUDICE.

**I. PROCEDURAL BACKGROUND**

       1.       Petitioner filed his Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on June 16, 2002 *(Doc. 1),* proceeding *pro se* and *in forma pauperis.* Respondent answered the Petition on August 15, 2002. The Court thereafter set a briefing scheduling, requiring Respondent to file a Motion to Dismiss with supporting memoranda by September 15,

2002, requiring Petitioner to respond no later than October 15, 2002, and permitting Respondent to file a Reply by October 30, 2002.  *(See Doc. 10).*

    2.    Respondent filed his Motion to Dismiss as required by the Court.  Petitioner failed to file a Response to the Motion to Dismiss. By letter received on December 6, 2002, Petitioner informed the Court that he has been released from prison and apparently renewed his Motion for Appointment of Counsel.

    3.    The Court thereafter entered an Order on February 5, 2003 *(Doc. 15)* denying Petitioner's Motion for Appointment of Counsel, and again Ordered that Petitioner file a Response to the Motion to Dismiss **no later than March 5, 2003.**  The Court permitted Respondent to file a Reply thereto **no later than March 19, 2003.**

    3.    In the February 5, 2003 Order, the Court noted:

> If Petitioner fails to file a Response within the requisite time period, the Court shall consider such failure as a consent to dismissal of this action **WITH PREJUDICE.**  In addition, Petitioner shall inform the Court in his Response whether he is currently under any type of supervised release.

*See* Order Denying Motion for Appointment of Counsel, Requiring Plaintiff to File Response to Motion to Dismiss, and Permitting Respondent to File a Reply Thereto filed February 5, 2003 *(Doc. 15)(emphasis in original).*

    4.    The Court further noted in the February 5, 2003 Order that:

> Petitioner is reminded that failure to file a Response within the time period specified in this Order will be considered a consent by the Petitioner to granting of the Motion to Dismiss this matter WITH PREJUDICE.

*See* Order Denying Motion for Appointment of Counsel, Requiring Plaintiff to File Response to Motion to Dismiss, and Permitting Respondent to File a Reply Thereto filed February 5, 2003 *(Doc. 15)(emphasis in original)*.

5. Petitioner failed to file a Response with the Court by March 5, 2003.

6. Petitioner further failed to advise the Court as to whether he is currently under any type of supervised release and the period thereof.

7. The Court therefore recommends that Petitioner be found to have consented to granting of the Motion to Dismiss this matter with prejudice.

## II. PETITIONER'S STATE COURT PROCEEDINGS

8. Petitioner was confined pursuant to the Judgement, Sentence, Commitment and Order Partially Suspending Sentence filed March 12, 2001 in the Ninth Judicial District Court, County of Roosevelt.  Answer Ex. A.  Petitioner had pled guilty to Count I, Shoplifting Over $250, a fourth degree felony, and Count II, Criminal Trespass, a misdemeanor. *Id*.

9. Petitioner was sentenced to be imprisoned by the Department of Corrections for a term of three (3) years and six (6) months, less one (1) day, with the last six (6) months unconditionally suspended. Answer Ex. A.   According to the Judgment, Petitioner was to be released under parole supervision for a period of one (1) year after completion of the sentence. *Id*.  The Plea and Disposition Agreement signed by the Petitioner and filed on January 28, 2001, specifically provided that Petitioner would be incarcerated for three (3) years and six (6) months, including a one (1) year enhancement under the Habitual Offenders Act.  Ansser Ex. B.  Both counts were to run consecutively.  *Id*.  The Plea and Disposition Agreement also provides that the last six (6) months were to be suspended.  *Id*.

10.     Petitioner, through counsel, filed a Motion to Withdraw Plea on March 30, 2001, alleging that Petitioner did not fully understand the plea because he was under the influence of methamphetamines. Answer Ex. C.   The Court denied Petitioner's motion on June 12, 2001, after a hearing on the matter. Answer Ex. D.   Petitioner thereafter appealed the denial of the Motion to Withdraw Plea and subsequently sought to add the issue of whether his conviction violated the prohibition against double jeopardy to the docketing statement. *See* Answer Ex. E, F, G, H.

11.     By Memorandum Opinion filed February 8, 2002, the Court of Appeals of New Mexico addressed each of these issues. Answer Ex. I.  The Court of Appeals noted that Petitioner's double jeopardy claim was "not viable" under applicable state law. *See* Answer Ex. I (citing *New Mexico v. Moore*, 109 N.M. 119, 129-30, 782 P.2d 91, 101-102 (N.M. Ct. App. 1989) and *New Mexico v. Barr*, 1999-NMCA-081, ¶¶ 11-14, 127 N.M. 504, 984 P.2d 185 (N.M. Ct. App. 1999)).  The Court of Appeals, in addressing whether the trial court erred in denying Petitioner's motion to withdraw his guilty plea, noted that

> the trial court held a plea and disposition hearing, at which time the terms of the agreement were explained at length, and Defendant stated that he understood the terms of the agreement and that it iwas his signature on the agreement.  The court asked Defendant is he was under the influence of any drugs or alcohol and he replied that he was not.  Defendant was also advised that he was giving up certain constitutional rights and was asked if his decision to enter into the agreement was voluntary and uncoerced.  Defendant stated that he was aware of the constitutional right he was giving up and announced that his decision to plead guilty was freely and voluntarily given.  At the hearing on Defendant's motion to set aside his plea, the trial court reviewed the audiotape of the earlier hearing and heard Defendant's argument that his plea was not knowingly and voluntarily given because was under the influence of methamphetamines.  Having reviewed the tape of the earlier hearing, the court denied Defendant's motion. . . .  In light of the other evidence reviewed by the trial court, we hold that it was reasonable for the trial court to deny Defendant's motion.

*See* Answer Ex. 1 at pp. 2-3.

12. Petitioner, through counsel, thereafter petitioned the New Mexico Supreme Court for writ of certiorari on February 28, 2002. Answer Ex. K. The petition for certiorari was denied on April 1, 2002. Answer Ex. M. Petitioner filed the instant Application for Writ of Habeas Corpus Pursuant to § 2254 on July 16, 2003. *(Doc. 1)*.

### III.    RESPONDENT'S MOTION TO DISMISS

13. In the Motion to Dismiss filed on August 29, 2002 *(Doc. 12)*, Respondent argues that Petitioner's Application be dismissed because Petitioner has failed to his exhaust his claims in state court, and because Petitioner advances no claims cognizable under 28 U.S.C. §2254, urged that such dismissal be with prejudice. Respondent notes that Petitioner has never filed a habeas corpus petition in state court pursuant to Rule 5-802 (a) NMRA 2002. Petitioner has failed to respond to the Motion to Dismiss.

**A.    Exhaustion**

14. A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)(citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (requiring state prisoner bringing federal habeas corpus action to show that he exhausted available state remedies) and *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992)).

15. Petitioner failed to file a state habeas petition. Petitioner has thus failed to exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A) provides that a habeas corpus petition on behalf of a state prisoner "shall not be granted" unless the petitioner has exhausted his state court remedies. When faced with a petition containing only unexhausted claims, the Court ordinarily

has two options: first, it may dismiss the petition and allow the petitioner to return to state court to exhaust his claims; second, it may deny the petition on the merits, notwithstanding the petitioner's failure to exhaust his state court remedies.. *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002) (*citing Rose v. Lundy*, 455 U.S. 509, 510 (1982) and 28 U.S.C. § 2254(b)(2)). Finding that Petitioner's claims are without merit, I recommend the dismissal of the petition without further proceedings. *Hoxsie v. Kerby*, 108 F.3d 1239, 1242-43 (10th Cir. 1997).

**B.     State Court Decision on the Merits**

16.     Petitioner's habeas petition does not specify the grounds for his petition. *See* Application for Writ of Habeas Corpus Pursuant to § 2254 *(Doc. 1)*. Instead, Petitioner attached what appear to be portions of his appellate brief in his state direct appeal. *Id*. The attached brief presents two issues: whether Petitioner's plea violated his right to be free from double jeopardy; and whether the trial court erred in denying Petitioner's motion to withdraw his plea. *Id*.

17.     Because Petitioner filed his federal habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the petition is ruled by its provisions. *See Williams v. Taylor*, 529 U.S. 362, 402, (2000). Under AEDPA, the standard of review for a given claim for relief depends on whether or not the state courts adjudicated the claim on its merits. *See generally, Williams,* 529 U.S. 362; 28 U.S.C. § 2254(d)(1). If the state courts decided a claim on its merits, the Court may grant habeas relief only if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the Court." 28 U.S.C. §

2254(d)(1). The Court must presume that the factual findings of the state court are correct, unless they are rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). If the state court addressed a claim under an improper legal standard, however, the Court is "unconstrained by AEDPA deference." *Revilla v. Gibson,* 283 F.3d 1203, 1220 n.14 (10th Cir. 2002), *petition for cert. filed,* U.S.L.W. (Sept. 9, 2002) (No. 02-6372).

   18.   As noted above, in the Memorandum Opinion filed February 8, 2002, the Court of Appeals of New Mexico addressed each of the issues ostensibly raised in Petitioner's petition on the merits. Answer Ex. I. The Court of Appeals, in denying Petitioner's motion to modify the docket statement of his appeal to include a double jeopardy claim related to the counts which Petitioner pled guilty to, found double jeopardy claim was "not viable" under applicable state law. *Id.* The Court of Appeals, in addressing whether the trial court erred in denying Petitioner's motion to withdraw his guilty plea, reviewed the factual circumstances of the plea and disposition hearing held by the trial court, and noted that "the terms of the agreement were explained at length, and Defendant stated that he understood the terms of the agreement and that it was his signature on the agreement." *Id.* The Court of Appeals noted that the trial court asked Petitioner if he was under the influence of any drugs or alcohol and noted that Petitioner replied that he was not. *Id.* The Court of Appeals noted that the trial court had advised Petitioner that he was giving up certain constitutional rights and had asked if his decision to enter into the agreement was voluntary and uncoerced. *Id.* The Court of Appeals further noted that at the hearing on his plea and disposition, Petitioner stated that he was aware of the constitutional rights he was giving up and announced that his decision to plead guilty was freely and voluntarily given. Answer Ex. I. This Court must presume that the factual findings of the state court are

7

correct, unless they are rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  The factual findings upon which the Court of Appeals opinion is based remain uncontroverted.

19.    A guilty plea must "represent[ ] a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, (1970).  The Court of Appeals found that Petitioner's guilty plea was knowing and voluntary. Answer Ex. I.  A review of the New Mexico Court of Appeals' decision indicates that the state court decision on the merits was not "contrary to" nor did it involve "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor was the decision "based on an unreasonable determination of the facts in light of the evidence presented in the Court." 28 U.S.C. § 2254(d)(1).    Therefore, it is apparent that Petitioner's habeas petition includes no cognizable claim under federal law and is thus without merit. *See Williams,* 529 U.S. at 362.  Petitioner's habeas petition should be dismissed with prejudice.

**C.     Failure to Respond**

20.    I also note that Petitioner has failed to respond to the Motion to Dismiss and has failed to provide the Court with information as to whether he is presently under any conditions of release and any applicable period thereof, despite being given an extension of time in which to respond.  *See*   It is apparent that the claims raised in Petitioner's § 2254 are without merit. Petitioner has come forward with no additional information to controvert the information provided in the Answer and the Motion to Dismiss and supporting Memorandum, nor has he come forward with any applicable provisions of law to demonstrate that his Petition includes any claim cognizable under federal law.   In the February 5, 2003 Order the Court reminded Petitioner "that failure to file a Response within the time period specified in this Order will be

considered a consent by the Petitioner to granting of the Motion to Dismiss this matter WITH PREJUDICE." *(See Doc. 15)*.   The Court has considered the merits of Petitioner's claims and has noted Petitioner's failure to file a Response and provide information as to whether he is being held under any type of supervised release and any applicable period thereof.  Based upon the applicable law and the facts, the Court makes the following recommendation.

## RECOMMENDED DISPOSITION

I recommend GRANTING Respondent's Motion to Dismiss Filed August 29, 2002 *(Doc. 12)*;  and DISMISSING WITH PREJUDICE Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed July 16, 2002 *(Doc 1)*.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**